UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN ANDREWS,

    Plaintiff,

v.                              Case No. 5:24-cv-15-TKW-MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff John Andrews (DC #D17561), has filed a civil rights complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 1, 2. Because Andrews is a prisoner who previously incurred three strikes and has not alleged that he is under imminent danger of serious physical injury, the District Court must dismiss this case pursuant to 28 U.S.C. § 1915(g).

**I. ALLEGATIONS OF ANDREWS'S COMPLAINT**

Andrews is Florida prisoner confined at the Walton Correctional Institution in Defuniak Springs, Florida. Doc. 1 at 1. Andrews is suing the Secretary of the Florida Department of Corrections and the Warden

of Apalachee Correctional Institution. *Id*. Andrews seeks to hold the Secretary and the Warden liable for two inmate assaults that occurred at Apalachee CI in April 2023. Andrews alleges that the inmates who attacked him were "high on K-2," and that the Secretary and the Apalachee CI Warden were "incompetent" for failing to stop the K-2 "epidemic" and for allowing their subordinates to introduce K-2 into the prison. *Id*. at 2-3. As relief, Andrews seeks $200,000.00 in punitive damages from each Defendant for each assault. *Id*. at 5.

## II. DISCUSSION

Section 1915(g) of Title 28 of the United States Code prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.  **Andrews Has Incurred Three "Strikes"**

Andrews has accrued three strikes, as recognized by two District Judges of this District Court and by judges of the United States District Court for the Middle District of Florida. *See Andrews v. Sec'y of DOC*, No. 3:23cv24175-MCR-ZCB, Doc. 4 (N.D. Fla. Sept. 14), *report and recommendation adopted*, 2023 WL 7554020 (N.D. Fla. Nov. 14, 2023) (dismissing Andrews's civil rights action pursuant to three-strikes bar and identifying qualifying cases); *Andrews v. Spanos*, No. 4:19-cv-437-

MW-MJF, 2019 WL 6179540 (N.D. Fla. Oct. 25), *report and recommendation adopted*, 2019 WL 6174935 (N.D. Fla. Nov. 20, 2019) (same); *Andrews v. Herring*, No. 3:19-cv-1050-J-34PDB (M.D. Fla. Sept. 12, 2019) (same); *Andrews v. Corizon Health, Inc.*, No. 3:16-cv-640-BJD-JBT (M.D. Fla. Dec. 21, 2016) (same).

Andrews's three qualifying strikes are:

- *Andrews v. Dade Cnty. Corr.*, Case No. 1:11cv22784-KMM (S.D. Fla. Oct. 24, 2011) (dismissing for failure to state a claim civil rights action filed by Andrews while incarcerated in the Miami-Dade County Department of Corrections under Inmate #070082213);

- *Andrews v. Turner Guilford Knight Corr. Ctr.*, Case No. 1:12cv-21106-JAL (S.D. Fla. Aug. 28, 2012) (same);

- *Andrews v. Gonzalez*, Case No. 3:16cv185-HLA-JBT (M.D. Fla. Mar. 9, 2016) (dismissing for failure to state a claim civil rights action filed by Andrews while incarcerated in the Florida Department of Corrections).[1]

---

[1] After Andrews's 2019 Middle District case was dismissed based on the three-strikes bar, Andrews filed, on October 18, 2019, a document titled, "Motion to Correct Conflicting Judgment" claiming that Middle District Judge Timothy Corrigan previously determined that Andrews was not a three-striker. (*See* Case No. 3:19-cv-1050-J-34PDB, Doc. 6). Andrews attached to his motion an order from a 2015 Middle District case, *Andrews v. Moore*, Case No. 3:15-cv-881-TJC-JRK, in which the defendants sought to count as a strike a 2013 case Andrews filed in state court that was removed to federal court and resolved on summary judgment. (*See* Case No. 3:15-cv-881-TJC-JRK, Doc. 16 (motion to dismiss relying on Northern District Case No. 4:13-cv-567-MW-CAS)).

Page 4 of 7

All three of Andrews's strikes were entered before he filed this lawsuit on January 10, 2024. Doc. 1.

Because Andrews has incurred three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## B. Andrews Fails to Satisfy the Imminent-Danger Exception

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)). An allegation of past danger will not invoke the exception. *Medberry*, 185 F.3d at 1193 ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in*

---

Judge Corrigan determined, correctly, that the 2013 case did not count as a strike. (Case No. 3:15-cv-881-TJC-JRK, Doc. 20 (Order)). Should Andrews make the same argument here—that deeming him a three-striker "conflicts" with Judge Corrigan's order—his argument should be rejected. The undersigned is not relying on Northern District Case No. 4:13-cv-567-MW-CAS as a "strike." Furthermore, the defendants in the 2015 case did not (and could not) rely on Middle District Case No. 3:16-cv-185-HLA-JBT as a "strike," because Andrews incurred that strike after he filed the 2015 case. Case No. 3:16-cv-185-HLA-JBT , however, counts as one of Andrews's strikes.

*forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)].").

Andrews's allegations—that the Defendants failed to protect him from inmate violence in April 2023 at a prison where he no longer is confined—do not establish that Andrews is under imminent danger of serious physical injury. Andrews made the same allegations in opposing the three-strikes dismissal in Case No. 3:23-cv-24175-MCR-ZCB. *See id.*, Doc. 5 (Objection). The district judge in that case rejected the argument. *Id.*, Doc. 6 (Order).

Because Andrews is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must dismiss this case without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 2, be **DENIED**.

2. This action be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The clerk of court close this case file.

At Pensacola, Florida, this 19th day of January, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**